IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KEFIM DEXTER DAVID,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-cv-0211 |
| | * | |
| **EEOC,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This Court has reviewed the Complaint filed by self-represented Plaintiff Kefim Dexter David ("Plaintiff") against the Equal Employment Opportunity Commission ("EEOC"), Dr. Christopher Scolese, and the National Aeronautics and Space Administration ("NASA"). ECF 1. The Clerk's Office sent deficiency notices to Plaintiff because he did not include an original signature on his filings. ECF 4, 5. Plaintiff seeks to file his Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). The Court must simply "hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" underlying the claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff's Complaint consists of a general "overview" referencing a number of current and historical world events, a lengthy list of laws and statutes with some references to "supporting documentation" that is not attached to the Complaint, and then various requests for declaratory, monetary, and injunctive relief. ECF 1. The Complaint includes no facts describing any specific actions taken by any of the three named defendants or any resulting injury to Plaintiff. In the absence of any such allegations, the Complaint does not satisfy the *Twombly* standard and must be dismissed without prejudice.[1] Plaintiff's motion to proceed *in forma pauperis,* ECF 2, will be denied as moot in the dismissal order which follows.

February 5, 2025                                              /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge

---

[1] This Court further notes that it appears from the Complaint that Plaintiff, who claims a Georgia address, is suing two federal agencies headquartered in DC and one individual with a Virginia address. The Complaint contains no factual allegations explaining why venue would lie in the District of Maryland.